UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :

UNITED STATES OF AMERICA,          :

       - against -                        :

                                              :    19-CR-00111(PAE)

NANCY CREDIDIO,                     :

       Defendant.                  :
------------------------------------------------------------x

### MEMORANDUM IN SUPPORT OF
### MOTION FOR RELEASE TO HOME INCARCERATION

      This memorandum is respectfully submitted to set forth the Court's legal authority to grant the alternative relief outlined in the Court's order of March 30, 2020. (ECF Dkt62.)

                                              */s/ David A. Ruhnke*
                                              David A. Ruhnke, Esq.
                                              RUHNKE & BARRETT
                                              47 Park Street
                                              Montclair, NJ 07042
                                              (973)744-1000 (phone)
                                              (973)746-1490 (fax)

Dated:       New York, New York
                March 31, 2020

### CERTIFICATE OF SERVICE

      Counsel hereby certifies that, on the above date, this memorandum was filed utilizing the Court's ECF system, thereby serving all parties, including the United States.

                                                          */s/ David A. Ruhnke*

LEGAL ARGUMENT:

THE COURT SHOULD ORDER MS. CREDIDIO'S RELEASE UNDER THE ALTERNATIVE TERMS AND CONDITIONS OUTLINED IN THE ORDER ENTERED YESTERDAY.

In its order entered on the docket yesterday afternoon at ECF-62, this Court denied Ms. Credidio's motion, brought pursuant to 18 U.S.C. § 3582, for the form of compassionate release requested, but also noted the following:

> [T]the Court would be amenable if it has legal authority to do so to order that she be temporarily released from custody in the MCC in favor of home incarceration, pending her designation to a longer-term federal prison or the abatement of the present public health emergency, whichever occurs first.

This memorandum is submitted to offer legal support for authority of the Court to enter an order as described in ECF-62.

It is respectfully requested that the Court treat Ms. Credidio's motion as invoking the writ of habeas corpus codified at 28 U.S.C. § 2241. Thus construed, this Court has the power to grant her immediate release from MCC/NY because she is not being provided safe conditions, and the situation cannot be remedied under current circumstances. The situation is all the more compelling since Ms. Credidio is on the BOP's own list of MCC inmates considered to be at high risk of contracting Covid-19, a circumstance the United States will likely concede in its reply. It surely cannot be the position of the United States that placing Ms. Credidio at a high risk of death is somehow okay since the courts are powerless to intervene and the Executive Branch either cannot or chooses not to by

2

opposing this application (if it does).

Section 2241(c)(3) authorizes courts to grant habeas corpus relief where a person is "in custody in violation of the Constitution or laws or treaties of the United States." The Second Circuit has "long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as . . . prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotation marks omitted). This includes challenges to detention where conditions pose a threat to an inmate's medical wellbeing. *See, Roba v. United States*, 604 F.2d 215, 218-19 (2d Cir. 1979) (approving the use of Section 2241 to challenge a detainee's transfer where that transfer created a risk of fatal heart failure).

The Second Circuit's decision in *Roba* is instructive. In that case, the petitioner alleged that an imminent transfer from New York to face charges in California would create a substantial risk of death because of his precarious heart condition. The Second Circuit held that there was Section 2241 jurisdiction to challenge his contemplated transfer, where such custody would threaten his life, citing *Estelle v. Gamble*, 429 U.S. 97 (19786), the Supreme Court's seminal case establishing the Eighth Amendment's deliberate indifference standard. *Id.* Critically, the court held that habeas jurisdiction was appropriate even though the transfer, and hence custody, was imminent, stating, "Petitioner need not wait until the marshals physically lay hands on him; he is entitled now to challenge the allegedly unlawful conditions of his imminent

3

custody." *Id.* at 219.

In this case, the unconstitutional threat to Ms. Credidio's health and life posed by being held at MCC is ongoing, not simply imminent. Every hour that she is held in the MCC places her at a significantly elevated risk of contracting coronavirus, and dying from coronavirus. For similar reasons, Judge Analisa Torres recently ordered the release of several individuals from federal immigration detention. *See Basank*, 2020 WL 1481503; *see also supra* at 7-9.

The government has no interest in maintaining an unconstitutional and unsafe prison environment, especially for an inmate deemed to be at risk of death. *Doe v. Kelly*, 878 F.3d 710, 718 (9th Cir. 2017) (the "government suffers no harm from an injunction that merely ends unconstitutional practices and/or ensures that constitutional standards are implemented") (quotation marks and citations omitted); *see also L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 620 (S.D.N.Y. 2018); *Abdi v. Duke*, 280 F. Supp. 3d 373, 410 (W.D.N.Y. 2017). Releasing Ms. Credidio to conditions of home incarceration will potentially save her life while not compromising the asserted interest of the United States in seeing that she serves the term of imprisonment imposed by the Court. Under the alternative proposal contained in yesterday's order, Ms. Credidio will remain confined to her sister's home under conditions of home incarceration. She will, however, report to her designated institution when it is appropriate and safe for her to do so.

## CONCLUSION

This Court should enter an order directing the Bureau of Prisons to release Ms. Credidio from the custody of the Bureau of Prisons forthwith to home incarceration under the conditions outlined in this Court's order of March 30, 2020 at Dkt-62.

>Respectfully submitted,
>*/s/ David A. Ruhnke*
>David A. Ruhnke
>Counsel to Nancy Credidio

Filed via ECF:   New York, New York
March 31, 2020